UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITY NATIONAL INSURANCE COMPANY, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MICHELLE URBERG, a Washington resident; LEE BAUGH, a Washington resident; WILLIAM REEVE, a Washington resident; MARISSA MORGAN, a Washington resident; HAOTIAN SUN, a Washington resident; XIAN GONG, a Washington resident; DOUGLAS PYLE, a Washington resident; LND CONSTRUCTION LLC, a Washington limited liability company,<br><br>Defendants. | No.:<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

COMES NOW Plaintiff SECURITY NATIONAL INSURANCE COMPANY ("SNIC"), and for its Complaint for Declaratory Judgment against Defendants MICHELLE URBERG, LEE BAUGH, WILLIAM REEVE, MARISSA MORGAN, HAOTIAN SUN, XIAN GONG, DOUGLAS PYLE, and PROLETARIAT SERVICES, INC., alleges as follows:

# I. THE PARTIES

1.1     Plaintiff Security National Insurance Company ("SNIC") is a Delaware corporation with its principal place of business located 12790 Merit Drive, Suite 200, Dallas, Texas 75251. At all times relevant, SNIC was in the business of providing insurance and was and is licensed to issue policies of insurance in the State of Washington.

1.2     On information and belief, Defendants Michelle Urberg and Lee Baugh are owners of a newly constructed home sold to them in 2015.  Their home is located at 832A N.W. 53rd Street, Seattle, Washington, in King County.

1.3     On information and belief, Defendant Douglas Pyle is an owner of a newly constructed home sold to him in 2015.  His home is located 832B N.W. 53rd Street, Seattle, Washington, in King County.

1.4     On information and belief, Defendants William Reeve and Marissa Morgan are owners of a newly constructed home sold to them in 2015.  Their home is located at 834A N.W. 53rd Street, Seattle, Washington, in King County.

1.5     On information and belief, Defendants Haotian Sun and Xian Gong are owners of a newly constructed home sold to them in 2015.  Their home is located at 834B N.W. 53rd Street, Seattle, Washington, in King County.

1.6     Defendants Michelle Urberg, Lee Baugh, Douglas Pyle, William Reeve, Marissa Morgan, Haotian Sun, and Xian Gong are referred to collectively as "Underlying Claimants."

1.7     On information and belief, Defendant LND Construction, LLC ("LND") is a Washington Limited Liability Company with its principal place of business located at 3610 S. 263rd Street, Kent, Washington 98032.

# II. VENUE AND JURISDICTION

2.1     The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete

1 diversity exists, because the Plaintiff is a citizen of different states than all defendants.

2      2.2     Venue is proper pursuant to 28 U.S.C. § 1339(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

### III. FACTS

3.1     SNIC incorporates by reference all allegations set forth in paragraph 1.1 to 2.2 as if fully set forth herein.

**A.    The Subject Policies**

3.2     SNIC issued the following Commercial General Liability Policies to LND:

| |
|---|
| Policy No. NA1025353-00<br>Effective Date 05/25/2012 – 05/25/2013 |
| Policy No. NA1025353-01<br>Effective Date 05/25/2013 – 05/25/2014 |
| Policy No. NA1025353-02<br>Effective Date 06/19/2014 – 06/19/2015 |

These policies are collectively referred to as the "Subject Policies." Redacted copies of the Subject Policies are attached hereto as **Exhibits A**, **B**, and **C**.

3.3     The Subject Policies provide commercial general liability coverage subject to a limit of $1 million per occurrence, a $2 million general aggregate limit, and a $1 million products-completed operations aggregate limit.

3.4     The Subject Policies are each subject to a $1,000 per claim property damage liability deductible.

3.5     LND is the named insured under each of the Subject Policies.

3.6     Subject to all exclusions, limitations, and conditions, the Policy extends insured status to "any person or organization that [LND] is obligated by virtue of a written contract or agreement to provide insurance such as is afforded by [the Subject Policies]."

3.7     On information and belief, no written contract or agreement exists between LND and PSI. If any such written contract or agreement exists, it does not contain a clause

obligating LND "to provide insurance such as is afforded by [the Subject Policies]." As such, PSI is not an additional insured under any of the Subject Policies.

3.8 Each of the Subject Policies contained Endorsement CG 2134 NR 01 87, Exclusion – Designated Work, which provided:

**EXCLUSION – DESIGNATED WORK**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART**

**SCHEDULE**

**Description of your work:**

New Construction of a dwelling and work within, or on, the premises of a dwelling prior to the certificate of occupancy of the owner, regardless of whether the dwelling is a custom home or the dwelling is built as part of a tract or a multi-dwelling development;

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to "bodily injury" or "property damage" included in the products completed operations hazard" and arising out of "your work" operations described in the Schedule.

3.9 Each of the Subject Policies also contained endorsement CG 21 53 NR 01 96, Exclusion – Designated Ongoing Operations, which provided:

**EXCLUSION – DESIGNATED ONGOING OPERATIONS**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**SCHEDULE**

**Description of Designated Ongoing Operation(s):**

New construction of a dwelling and work within, or on, the premises of a premises of a dwelling prior to the certificate of occupancy of the owner, regardless of whether the dwelling is a custom home or the dwelling is built as part of a tract or multi-dwelling development;

\* \* \*

The following exclusion is added to paragraph 2., Exclusions of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I – Coverages):

This insurance does not apply to "bodily injury" or "property damage" arising out of the ongoing operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf.  If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies only to the described ongoing operations conducted at that "location".

For purposes of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

3.10   The above-quoted exclusions are referred to collectively as the New Construction Exclusions.  Generally, the "New Construction Exclusions" apply to suits and claims alleging "property damage" arising out of LND's ongoing operations and/or work on new construction residential projects, such as plaintiffs' residential properties.

**B.     The Underlying Lawsuit**

3.11   The Underlying Claimants are homeowners who purchased new construction homes in the Ballard neighborhood of Seattle (the "Subject Homes").

3.12   The Subject Homes were developed by LLJ Ventures, LLC ("LLJ") and constructed by Proletariat Services, Inc. ("PSI") in 2013 and 2014.

3.13   LLJ retained PSI to act as the general contractor for the new construction of the Subject Homes.

3.14   PSI retained multiple subcontractors to construct the Subject Homes.

3.15   One of the contractors PSI retained was LND, which was responsible for

installing the weather resistive barrier, siding, and all related components.

3.16 Shortly after moving in, the Underlying Claimants started to notice water intrusion in the interior of the Subject Homes.

3.17 Thereafter, on July 11, 2016, the Underlying Claimants filed a Complaint for Breach of Contract, Breach of Express Warranty, and Breach of Implied Warranty (the "Underlying Complaint") in King County Superior Court Cause No. 16-2-16181-2 SEA, captioned *Michelle Urberg, Lee Baugh, William Reeve, Marissa Morgan, Haotian Sun, Xian Gong, and Douglas Pyle v. LLJ Ventures, LLC, Fiddle & Plow LLC, Itzak LLC aka Itzak Development aka Proletariat Services, Inc.* (the "Underlying Lawsuit"). A copy of the Underlying Complaint is attached as **Exhibit D**.

3.18 On September 23, 2016, PSI filed its Answer, Affirmative Defenses and Third-Party Complaint against LND, among others (the "Third-Party Complaint). A copy of the Third-Party Complaint is attached as **Exhibit E**.

3.19 On October 17, 2017, the Underlying Claimants settled with LLJ Ventures, LLC ("LLJ"), whereby LLJ consented to a $1.57 million judgment, and the Underlying Claimants agreed not to execute on the judgment against LLJ.

3.20 LLJ then assigned their rights to the Underlying Claimants against PSI and against LLJ's insurance companies:

> 3. The Defendants [LLJ] assign all claims and agree Plaintiffs can step into its shoes and pursue the claims against the contractors and/or subcontractors and do hereby assign to the Plaintiffs all of their right, title, and interest in any cause of action, claim, demand, and/or damages of any nature whatsoever, whether known or unknown, against all of the contractors and/or subcontractors who provided any services or materials on the Project. …
>
> 4. The Defendants [LLJ] hereby assign to the Plaintiffs all of their right, title, and interest in any cause of action, claim, demand and/or damages of any nature whatsoever, whether known or unknown, against any and all of their [LLJ's] insurance companies relating to or arising out of the Project.

> This assignment includes any primary, umbrella or additional insureds.

3.21   On May 18, 2018, the Underlying Claimants, as assignees of LLJ, settled with PSI, whereby PSI agreed to pay $800,000 to the Underlying Claimants and assign to the Underlying Claimants "any and all claims [PSI] has against LND … and LND's insurance carrier(s) [here, SNIC]."

> **B. Delivery of Settlement Amount.** [PSI] agrees to pay the Plaintiffs before June 1, 2018 the total sum of $800,000 (eight hundred thousand dollars) as full and final satisfaction of all claims that the Plaintiffs have or could bring, either directly or as assignee, regarding [PSI]'s work on the Project.
>
> **C. Assignment.** [PSI] hereby assigns to the Plaintiffs any and all claims [PSI] has against LND Construction, LLC ("LND") and LND's insurance carrier(s).  [PSI] agrees to cooperate reasonably with Plaintiffs in the pursuit of all claims against those carriers, but all expenses shall be Plaintiffs' responsibility.  Bu assigning these laims, [PSI] is not making any representation that there is or is not insurance coverage, that there is or is not merit to the claims and/or defenses presented against LND in any declaratory judgment actions, or that any of LND's insurers have or have not committed bad faith.

3.22   At no time did LND assign its rights against SNIC to any party – the Underlying Claimants included.

3.23   On March 18, 2019, the Underlying Claimants, as assignee of PSI, obtained an order of default against LND.

3.24   On September 27, 2019, the order of default was reduced to judgment in the amount of $616,658.00 with an additional $20,071.26 in interest as of that date.

**C.**   **SNIC's Claims-Handling History**

3.25   On November 2, 2016, LND tendered defense of PSI's claims in the Underlying Lawsuit to SNIC.

3.26     On February 10, 2017, SNIC issued its coverage position letter denying coverage pursuant to, among other things, the above-referenced "New Construction Exclusions."  A copy of SNIC's letter (the "Declination Letter") is attached hereto as **Exhibit F**.

3.27     SNIC's Declination Letter was received by LND on or before February 27, 2017.

**D.     LND's Bankruptcy Petition**

3.28     On October 4, 2017, LND filed a petition for bankruptcy pursuant to Chapter 7 in the United States Bankruptcy Court, Cause No. 17-14355-TWD (the "Bankruptcy Proceeding").

3.29     Pursuant to 11 U.S.C. 362, PSI's claims against LND were automatically stayed in the Underlying Lawsuit for all assets of LND until those assets were no longer the property of the bankruptcy estate.

3.30     On October 4, 2017, a Notice of Stay Regarding Bankruptcy was filed in the Underlying Lawsuit putting all parties on notice – the Underlying Claimants included – of the Bankruptcy Proceeding and the automatic stay.

3.31     According to the Bankruptcy Petition, LND stated that it had no intangible property.

3.32     LND disclosed no rights, claims, or causes of any action against any third-parties – including against SNIC.

3.33     On November 3, 2017, PSI filed a Motion for Limited Relief from Stay "but only as to … LND['s] … liability insurance."

3.34     PSI's Motion for Limited Relief from Stay requested as follows:

> COMES NOW Creditor [PSI] and respectfully requests relief from the automatic stay, but only as to [LND's] liability insurance.  This will allow [PSI] to continue to prosecute its claims against LND and the other non-debtor co-defendants in pre-petition construction defect litigation that is ongoing in the

> King County Superior Court for the State of Washington.
>
> \* \* \*
>
> [PSI] is not seeking to obtain any of LND's non-insurance assets, which shall remain available for creditors and other interested parties.
>
> \* \* \*
>
> For the above reasons, there is cause to grant relief from the stay as to LND's liability insurance only, so that the Superior Court action against LND and the non-debtor co-defendants may continue.

3.35 The bankruptcy court granted PSI's Motion for Limited Relief from Stay on November 28, 2017.

3.36 On November 27, 2017, the bankruptcy trustee filed a Report of No Distribution, which states as follows:

> I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor[] and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. …
>
> | | |
> |---|---|
> | Assets Abandoned … : | $ 0.00 |
> | Assets Exempt: | $ 0.00 |
> | Claims Scheduled: | $73,391.42 |
>
> …
>
> Claims Scheduled to be Discharged Without Payment: $73,391.42

3.37 According to the Bankruptcy Petition, LND disclosed four creditors. LND stated that it owed an "unknown" amount to PSI; $73,391.42 to the Washington Department of Labor & Industries; and no money to AT&T and to T-Mobile.

3.38 On April 20, 2018, the Bankruptcy Court approved the Trustee's Report and closed the Bankruptcy Proceeding.

3.39    However, even though the Bankruptcy Proceeding closed, LND's undisclosed claims and causes of action against SNIC remained the property of the bankruptcy estate and subject to the automatic stay pursuant to 11 U.S.C. 362.

E.    **The Underlying Claimants' Attempts to Liquidate the Bankruptcy Estate's Intangible Assets**

3.40    On May 11, 2021, the Underlying Claimants obtained a Writ of Execution (the "Writ"), whereby the Court in the Underlying Lawsuit permitted the Underlying Claimants to levy LND's insurance policy only, for purposes of plaintiffs collecting on their default judgment.

> WHEREAS, [plaintiffs] recovered judgment against LND … in the King County Superior Court on May 1, 2019, for the principal sum of $616,658 with interest at the rate of 12% per annum from August 31, 2018.
>
> THEREFORE,… [the King County Sheriff] [is] hereby commanded forthwith to take this Writ … to levy upon, seize and take into possession and execution the below described non-exempt personal property of [LND] … sufficient to execution and to satisfy said judgment[.]  … Suppose sufficient non-exempt personal property cannot be found.  In that case, you are further commanded to make the amount of said judgment, interest and increased interest, costs and increased costs, out of LND … AmTrust North America Insurance policy, and make a return of Writ within sixty days from the date hereof.
>
> The description, value, and location of the subject property to be levied upon is as follows: The sole asset which plaintiffs seek to execute upon and to be levied is LND … , AmTrust North America Insurance policy[.]
>
> … The only personal property on which this Writ is directed and collection of funds owed under the judgment shall be derived is the AmTrust North America Insurance policy issued to LND[.]

3.41    The Writ did not extend to LND's extra-contractual causes of action against SNIC.  Instead, the Court in the Underlying Lawsuit limited the Underlying Claimants to recovery of its default judgment by collecting against insurance policies issued by AmTrust North America.

3.42   Using the Writ, the Underlying Claimants then obtained a Sheriff's Notice of Levy and Notice of Sale that sought to levy LND's extra-contractual claims against Security National Insurance Company and AmTrust North America.  The Sheriff's Notice of Levy and Notice of Sale stated:

> TO: LND CONSTRUCTION LLC …
>
> YOU ARE HEREBY NOTIFIED that under and by virtue of a Writ of Execution issued out of the Superior Court of the State of Washington, in and for the County of King before the Honorable Jim Rogers, on the 11th day of May, 2021, in the above entitled action, by the Clerk of the Court thereof, and to me as Sheriff directed and delivered a copy of which Execution is hereto attached, I do hereby levy upon:
>
> **PROPERTY:**
> **Intangible Chose in Action**
> **All rights, privileges, claims and causes of action including but not limited to breached of the duty to investigation, evaluation, negotiation, defend, settle, indemnify or, breach of contract, negligence, legal malpractice, fiduciary breach, Consumer Protection Act violations, and bad faith, that … LND … has or had against AmTrust North America, AmTrust Financial Company, Security National Insurance Company, and/or all affiliated companies, brokers and agents and any other insurance carrier which insured LND[.]**

3.43   The Sheriff's Auction was originally scheduled to occur on July 14, 2021.

3.44   After several postponements, the Sheriff's Auction was ultimately rescheduled to September 22, 2021.

3.45   On September 22, 2021, the Underlying Claimants auctioned and claim to have purchased the property described in paragraph 3.42 above for $100,000.

## IV. COUNT I

### Declaratory Judgment – No Coverage for PSI's Claims Against LND

4.1   SNIC incorporates by reference all allegations set forth in paragraphs 1.1 to 3.45 as if fully set forth herein.

4.2 The Subject Policies constitute binding and enforceable contracts setting forth the rights and obligations of the parties.

4.3 An actual and justiciable controversy exists between the parties regarding the existence and scope of coverage afforded to LND by the Subject Policies.

4.4 Pursuant to the express terms, conditions, exclusions, and limitations of the Subject Policies, there is no liability coverage available to LND for the claims and damages alleged in the Third-Party Complaint against LND.

## V. COUNT II

**Declaratory Judgment – No Coverage for the Underlying Claimants' Claims Against PSI**

5.1 SNIC incorporates by reference all allegations set forth in paragraphs 1.1 to 4.4 as if fully set forth herein.

5.2 An actual and justiciable controversy exists between the parties regarding the existence and scope of coverage afforded to PSI by the Subject Policies.

5.3 Pursuant to the express terms, conditions, exclusions, and limitations of the Subject Policies, PSI was not an insured under any of the Subject Policies.

5.4 Pursuant to the express terms, conditions, exclusions, and limitations of the Subject Policies, there is no liability coverage available to PSI for the claims and damages alleged in the Underlying Complaint against PSI.

## VI. COUNT III

**Declaratory Judgment – Underlying Claimants Entitled to No Damages from SNIC**

6.1 SNIC incorporates by reference all allegations set forth in paragraphs 1.1 to 5.4 as if fully set forth herein.

6.2 An actual and justiciable controversy exists between the parties regarding the existence and scope of SNIC's obligations, if any, to the Underlying Claimants with respect to the Default Judgment against LND and the Subject Policies.

    6.3    Pursuant to the express terms, conditions, exclusions, and limitations of the Subject Policy, SNIC is not obligated to pay any monies or damages to the Underlying Claimants as a result of the Default Judgment, the claims against LND and/or PSI, or any aspect of the procedural history of the Underlying Lawsuit.

    6.4    The Sheriff's Notice of Levy and Notice of Sale, dated June 2, 2021, was not authorized, as drafted, by the King County Superior Court's Writ of Execution, dated May 11, 2021.

    6.5    To the extent any of LND's assets or property were seized, levied, and/or sold at the King County Sheriff's public auction, occurring on or about September 22, 2021 (or any postponed date thereafter) pursuant to the Sheriff's Notice of Levy and Notice of Sale, dated June 2, 2021, such seizure, levy, and/or sale was unauthorized and in violation of applicable state and federal law. As such, any such seizure, levy, and/or sale is null and void.

## REQUEST FOR RELIEF

WHEREFORE, SNIC prays for judgment in its favor and against Defendants as follows:

    A.    Declaratory relief pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, that the Subject Policies afforded no coverage for claims asserted against LND in the Underlying Lawsuit;

    B.    Declaratory relief pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, that SNIC owed no duty to defend or indemnify LND with respect to claims asserted against LND in the Underlying Lawsuit;

    C.    Declaratory relief pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, that the Subject Policies afforded no coverage for claims asserted against PSI in the Underlying Lawsuit;

    D.    Declaratory relief pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, that PSI was not an insured of any of the Subject Policies;

E. Declaratory relief pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, that SNIC owed no duty to defend or indemnify LND with respect to claims asserted against PSI in the Underlying Lawsuit;

F. Declaratory relief pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, that the Underlying Claimants are not entitled to collect any damages from SNIC; and

G. Such other and further relief as the Court deems just and appropriate.

DATED: September 22, 2021

BULLIVANT HOUSER BAILEY PC

By */s/ Michael A. Guadagno*
Michael A. Guadagno, WSBA #34633
E-mail: michael.guadagno@bullivant.com

*Attorneys for Plaintiff Security National Insurance Company*

4812-7584-0763.1