UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITY NATIONAL INSURANCE COMPANY,<br><br>                     Plaintiff,<br><br>       v.<br><br>MICHELLE URBERG, LEE BAUGH, WILLIAM REEVE, MARISSA MORGAN, HAOTIAN SUN, XIAN GONG, DOUGLAS PYLE, Washington residents, and LND CONSTRUCTION LLC,<br><br>                     Defendants. | CASE NO. 2:21-cv-1287 MJP<br><br>ORDER ON PARTIES' RESPECTIVE MOTIONS TO DISMISS REMAINING CLAIMS |

This matter is before the Court on Plaintiff's Motion to Dismiss its remaining Counts II and III of the Amended Complaint (Dkt. No. 44) and Defendants' Motion to Dismiss their remaining Consumer Protection Act ("CPA") claim (Dkt. No. 45). Prior to the filing of these motions, Defendants filed a Notice of Appeal to the Ninth Circuit on the Court's Order on the Parties' Cross-Motions for Summary Judgment. (Dkt. No. 42.) The Court held a telephonic conference with the Parties on April 3, 2023, to discuss whether the Court retained jurisdiction

over the motions given the appeal. (Dkt. No. 46.) The Parties were asked to brief the Court on that issue by no later than April 10, 2023. Having reviewed the Motions, the Court GRANTS the Motions and DISMISSES all remaining claims.

**ANALYSIS**

After the Court issued its Order on the Cross Motions for Summary Judgment, three claims remained live: Plaintiff's second and third counts of its amended complaint and Defendants' CPA claim. As such, it is not a final order that can be appealed. See Armstrong v. Schwarzenegger, 622 F.3d 1058, 1064 (9th Cir. 2010) (a district court's order is not appealable unless it is a final decision). "Under modern doctrine, [a] final decision generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." United States v. One 1986 Ford Pickup, 56 F.3d 1181, 1184 (9th Cir. 1995) (internal quotation omitted).

Despite this, Defendants nonetheless appealed, which left the Court to determine whether it retained jurisdiction over the Parties' respective motions to dismiss. It concludes that it does. "Although the filing of a notice of appeal generally divests the district court of jurisdiction over those aspects of the case involved in the appeal, the district court's jurisdiction is not affected when a litigant files a notice of appeal from an unappealable order." Scott v. Cunningham, No. C11-5509 BHS/KLS, 2011 WL 6179243 at *4 (W.D. Wash. Dec. 13, 2011) (citing Estate of Conners v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993).

Plaintiff asks the Court to dismiss its remaining claims under Federal Rule of Civil Procedure 41, while Defendants request dismissal under Federal Rule of Civil Procedure 15. (See Dkt. Nos. 44, 45.) Defendants argue that Rule 41 is for the dismissal of all claims, whereas Rule 15 is for the dismissal of a claim. They are incorrect. Rule 41 allows a party to voluntarily

dismiss their claim or claims under several conditions, one of which is by a court order under terms the court considers proper. Fed.R.Civ.P. 41(a)(1). In contrast, Rule 15 allows a party to amend their pleadings within a certain time frame. Fed.R.Civ.P. 15(a). Rule 41 is the correct rule under which a party should dismiss their claims. Because that is ultimately what Defendants are asking, the Court interprets their motion to dismiss as a motion under Rule 41.

Because neither side opposes the other's motion, the Court GRANTS both motions and DISMISSES the Parties' remaining claims without prejudice.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 13, 2023.

Marsha J. Pechman
United States Senior District Judge